FILED
COURT OF APPEALS
DIVISION II

2014 JUL -8 AM 10: 10

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

JOHNNY LEE MILLER,

Appellant.

No. 44656-1-II

UNPUBLISHED OPINION

WORSWICK, J. — Johnny Lee Miller appeals his sentence for first degree assault with a deadly weapon enhancement. Miller alleges that the trial court exceeded its sentencing authority by ordering a mental health evaluation and a substance abuse evaluation without evidence of mental health issues or evidence that drug or alcohol use contributed to the commission of the offense. Miller also alleges that the trial court erred by imposing a $1,500 fee for a court appointed attorney and "trial per diem." The State concedes that the trial court exceeded its sentencing authority by ordering the mental health and substance abuse evaluations. We accept the State's concession and remand to the trial court to strike the improper conditions. We affirm the $1,500 fee for a court appointed attorney and "trial per diem."

## FACTS

On February 27, 2013, a jury found Miller guilty of first degree assault while armed with a deadly weapon. The trial court sentenced Miller to 226 months of total confinement followed by 36 months of community custody. As a community custody condition, the trial court ordered that Miller undergo mental health and substance abuse evaluations. The trial court also imposed a $1,500 fee for "court appointed attorney and trial per diem." Clerk's Papers at 9.

## ANALYSIS

### Mental Health Evaluation

Miller asserts that the trial court exceeded its statutory sentencing authority by ordering Miller to undergo a mental health evaluation without first complying with the requirements of RCW 9.94B.080. The State agrees that the trial court did not comply with RCW 9.94B.080, and concedes the condition requiring Miller to undergo a mental health evaluation be stricken from the judgment and sentence.

RCW 9.94B.080 states:

> The court may order an offender whose sentence includes community placement or community supervision to undergo a mental status evaluation and to participate in available outpatient mental health treatment, if the court finds that reasonable grounds exist to believe that the offender is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense. An order requiring mental status evaluation or treatment must be based on a presentence report and, if applicable, mental status evaluations that have been filed with the court to determine the offender's competency or eligibility for a defense of insanity. The court may order additional evaluations at a later date if deemed appropriate.

Miller and the State agree that the trial court never ordered a presentence report. Therefore, the trial court did not comply with the requirements of RCW 9.94B.080 when ordering Miller to undergo a mental health evaluation as a condition of community custody. The State's concession is proper and we accept it. Accordingly, we remand to the trial court to strike the community custody condition requiring Miller to undergo a mental health evaluation.

## Substance Abuse Evaluation

Miller also argues that the trial court exceeded its statutory sentencing authority by ordering him to undergo a substance abuse evaluation as a condition of community custody. Under RCW 9.94A.703(3)(c) the trial court has the authority to impose "crime-related treatment or counseling services." The State concedes that there was no evidence at trial or sentencing that indicated Miller's crime was related to substance abuse, and the trial court exceeded its sentencing authority. Because there must be evidence establishing that substance abuse contributed to or was related to the offense, the trial court exceeded its authority by ordering Miller to undergo a substance abuse evaluation as a condition of community custody. Accordingly, we accept the State's concession and remand to the trial court to strike the community custody condition requiring Miller to undergo a substance abuse evaluation.

## Court Appointed Attorney and Trial per Diem Fee

Miller contends that the trial court exceeded its statutory authority because the trial court may not impose costs for Miller's constitutionally guaranteed jury trial in excess of the $250 jury trial fee expressly authorized by statute. However, the State explains that because the "trial per diem" fee is included in the portion of legal financial obligations for court appointed attorney costs, the legal financial obligation is authorized by RCW 9.94A.030(30). RCW 9.94A.030(30) authorizes the trial court to impose legal financial obligations for "court appointed attorneys' fees, and costs of defense[.]" The $1,500 legal financial obligation is assigned to "court appointed attorney and trial per diem" which supports the State's assertion that the trial per diem is part of the cost of a court appointed attorney when a case proceeds to trial. Because the costs of a court appointed attorney are statutorily authorized legal financial obligations, the trial court did not exceed its statutory authority to impose legal financial obligations.

3

No. 44656-1-II

We accept the State's concessions regarding the mental health and substance abuse evaluations and remand to the trial court to strike these conditions. But, we affirm the $1,500 "court appointed attorney and trial per diem" fee imposed by the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Lee, J.

4